## Central National Bank et al. *v.* Hohlfeld Manufacturing Co. et al. (Appellant).

*Receivers—Private sale—Corporations—Abuse — Discretion of court.*

The appellate court will affirm an order approving a private sale of real estate of a corporation by a receiver, where the objectors to the sale show no offer to increase the price over that tendered by the proposed purchasers, and the court below states that the price and conditions of sale seem to be adequate and proper, and no abuse of discretion is shown.

Argued February 9, 1926. Appeal, No. 162, Jan. T., 1926, by Milton L. Hohlfeld, from order of C. P. No. 3, Phila. Co., March T., 1925, No. 6211, authorizing private sale of real estate, in case of Central National Bank, Second National Bank and Bank of North America & Trust Co. v. Hohlfeld Manufacturing Co. and Milton T. Hohlfeld, intervenor. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Petition to authorize private sale of real estate. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Petition granted. Milton L. Hohlfeld appealed.

*Error assigned* was order, quoting it.

*John Weaver,* for appellant.—The court should not confirm a private sale in a receivership unless it is clearly shown that the private offer is more than will be realized at a public sale: Pramuk's App., 250 Pa. 45; Swires v. Brotherline, 41 Pa. 135; Light v. Zeller, 195 Pa. 315.

*Ira Jewell Williams,* of *Brown & Williams,* with him *Joseph D. Morelli* and *Charles S. Wesley,* for the receiver.

*Porter, Foulkrod & McCullagh,* for committee of preferred stockholders of Hohlfeld Manufacturing Co.

*Frank A. Chalmers,* for Eckels Nye Steel Co., D. L. Ward, Chain Products Co. and Mauney Steel Co., creditors of Hohlfeld Manufacturing Co.

*Byron, Longbottom, Pape & O'Brien,* for Harold McCalla Co., and Paulson, Linkroum & Co., creditors of Hohlfeld Manufacturing Co.

PER CURIAM, February 11, 1926:

A petition was presented to the court below by the receiver of the Hohlfeld Manufacturing Co., asking permission to sell, as a plant in operation, a mill property belonging to the corporation. Notice of an intention to present the petition was sent to all stockholders and creditors. Certain stockholders filed an answer in the name of the corporation objecting to the proposed sale. In an opinion disposing of the objections, the court below states, inter alia: "After careful consideration of the petition and the answer, and after a full discussion had with counsel, in which it appeared that negotiations had been pending for a number of weeks with a number of persons, including those now object-

ing, we are of opinion the petition should be granted. The objectors produce no bid at all. No offer to pay any price other than the one contained in the receiver's petition is before the court. Had an offer of substantial increase in price been made, secured by satisfactory guarantees of performance, [we] would have been glad to allow a reasonable time in which to permit new bidders to complete the purchase. No offer having been tendered, the court has no choice other than to approve the sale negotiated by the receiver. From the facts shown by the petition, the price and conditions of sale seem to be adequate and proper, and a great loss to the estate might result if immediate approval is refused." We may add that more than three weeks have expired since the decree approving the proposed sale and the matter, so far as a higher offer not being made, still stands as stated by the court below. Under all the circumstances of this case, we cannot find an abuse of discretion on the part of that tribunal, and

The decree appealed from is affirmed at cost of appellant.