AGUSTÍN VALIENTE GRANDA, Appellant, v. REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1136. Submitted January 17, 1944.—Decided March 6, 1944.

144

E. *Martínez Rivera* and *Luis Blanco Lugo* for appellant. The registrar appeared by brief.

Mr. Acting Chief Justice Travieso delivered the opinion of the court.

On September 27, 1932, the District Court of San Juan decreed the judicial administration and liquidation of the Banco Territorial y Agrícola de Puerto Rico; and on May 10, 1937, it appointed the Banco Popular of Puerto Rico to act as trustee and liquidator of the assets and liabilities of the bank in liquidation.

On January 7, 1943, the court instructed the liquidator bank to adjudicate and convey to Agustín Valiente Granda, appellant herein, certain assets belonging to the bank in liquidation, among which was the mortgage against Macario Rivera and wife, subject-matter of this proceeding. Said asset was formally assigned to the appellant by the liquidator bank by public deed of July 23, 1943, which was accepted and confirmed by the Board of Directors of said bank. Upon said deed being presented for record, the respondent registrar denied the same and entered the following note:

"Record of the foregoing document is hereby DENIED because the assignment and conveyance of the mortgage belonging to the Banco Territorial y Agrícola de Puerto Rico, Caguas Branch, in the amount of the TWENTY THOUSAND DOLLARS, of the. principal amounting to FIFTY SIX THOUSAND DOLLARS, secured by the mortgage, was executed by the liquidator Banco Popular of Puerto Rico, in open violation of the powers conferred upon it by law as such liquidator: (b) because the public sale of the assets belonging to the Banco Territorial y Agrícola de Puerto Rico was held by the Marshal of the District Court of San Juan on November 27, 1942, at the *request* of the liquidator, and was executed with the intervention of the liquidator, who had no power to order it and consequently that the marshal lacked authority and jurisdiction to hold the same: (c) because the District Court of San Juan had no jurisdiction to render final judgment on January 7, 1943, in civil case No. 17,493, in Judicial Administration, by virtue of which it ordered the adjudication of the asset in open court in favor of Agustín Valiente Granda and instructed the liquidator Banco Popular of Puerto Rico to convey said asset to Mr. Valiente in substitution of Gonzalo Aponte: and because all these acts and contracts were executed without the consent and to the prejudice of the creditors and stockholders of the Banco Territorial y Agrícola de Puerto Rico in liquidation, since it does not appear from the documents introduced that they had been summoned or heard in defense of their respective rights; and a cautionary notice is entered for the statutory period in favor of Mr. Agustín Valiente Granda at the marginal note of the description of the properties to which this document refers. Caguas, November 12, 1943. (Signed) L. Abella. Registrar. Stamps cancelled $17.00. Nos. 1 and 5 of the Sched. of Fees and P.C."

In support of his appeal the appellant urges:

(*a*) That the ruling appealed from contains only conclusions of law, without taking as a basis the documents introduced.

(*b*) That from the documents introduced it is clear that the liquidator bank has the capacity to execute the conveyance of the asset in favor of the appellant.

(*c*) That the District Court of San Juan had jurisdiction to order the conveyance, and that the registrar has no right to pass upon the justice or injustice of an order of

a court ordering the conveyance. (*Fortis* v. *Registrar*, 43 P. R. R. 89, and *Heirs of Estrella* v. *Registrar*, 41 P. R. R. 751.)

(*d*) That in the event that it were necessary to summon the stockholders and creditors of the bank in liquidation prior to the execution of the deed, such summons appears from the order of the court.

In support of his decision, the respondent registrar alleges:

1. That the assignment of the mortgage was executed by the liquidator bank in open violation of the powers conferred upon it by law as such liquidator and in contravention of the provisions of paragraph 3 of § 37 of the Banking Law of Puerto Rico (Laws of 1932–33, p. 322). The registrar maintains that the assignment of the asset in question is not an act of liquidation, but a new contract which in order to be valid must be authorized by the Treasurer of Puerto Rico.

2. That neither from the deed of assignment nor from the final order of January 7, 1943, does there appear the procedure followed by virtue of which the marshal sold the asset to the appellant; that it appears from the documents, introduced that the public sale of the mortgage was executed by the marshal at the request of the liquidator bank; and that the confirmation of the court was sought in order to make valid the illegal acts of the marshal.

3. That the District Court of San Juan acted without jurisdiction in rendering its final order of January 7, 1943, thus invading the powers granted by law to the marshal as an executive officer of the court. The respondent grounds this contention on the theory that in his opinion the district court, after having refused to confirm the adjudication made by the marshal in favor of Gonzalo Aponte because it considered that the price offered by the latter was

not reasonable, should have ordered another public sale, instead of ordering, as it did, at that very moment, that the liquidator should convey the credits to appellant Valiente, who being present, offered the amount of $8,000. The respondent further alleged that the court, when approving the assignment, did not take into account the fact that the matter involved was not the liquidation of movable titles and of credits difficult or doubtful to collect, but of a credit for $20,000 secured by a mortgage on fourteen properties duly recorded.

4. That it appears from the registry that the credit in question was constituted by Macario Rivera and his wife to guarantee to several creditors of the firm Macario Rivera & Brother the payment of their credits for the total amount of $56,000; that among those creditors was the Banco Territorial y Agrícola with a credit of $20,000 and twelve other creditors up to $56,000; that in the agreement of extension and in the record of the mortgage it was stated that although the security was constituted in favor of the Banco Territorial, Caguas Branch, "it was executed to secure the payment of the obligations contracted by the firm Macario Rivera & Brother in favor of the gentlemen above mentioned in said record." The registrar maintains that by virtue of the stipulations contained in the mortgage deed, the personal creditors of the firm Macario Rivera Hermanos became, together with the Banco Territorial y Agrícola, mortgagees of Macario Rivera; that the bank, by accepting such mission, impliedly contracted the obligation to pay as far as possible the respective credits to all the other creditors, at the time of paying the mortage security; and that those twelve creditors of Macario Rivera and his wife, as mortgagors, were not notified of the assignment of the mortgage credit, for even though the order of the court stated that José María del Valle appeared at the hearing as President of the Commit-

tee of Creditors of the Banco Territorial y Agrícola, said Mr. del Valle did not represent the mortgagees of Macario Rivera.

In *Fortis* v. *Registrar* and *Heirs of Estrella* v. *Registrar, supra,* invoked by the appellant, it was held that the judgment of the district court must be accepted as correct and sufficient if the court had jurisdiction of the subject matter and the procedure followed is the one prescribed by law; and that in his decision, the registrar may pass upon those two elements, but not upon the justice or injustice of the judgment which are matters beyond his power and jurisdiction. Let us see therefore, if the registrar has disregarded in this case the rule established by said decisions.

The first objection of the registrar is without merit. The third paragraph of § 37 of the Banking Law, on which said objection is based reads as follows:

"During the period of liquidation of a bank, the management thereof shall make no new contracts or obligations, unless authorized to do so by the Treasurer of Puerto Rico, its powers being limited, as liquidator, to the collection of debts, extinguishment of obligations as they mature, and performance of such operations as may then be pending."

Said provision is not applicable when there is involved, as in the case at bar, the judicial administration and the liquidation of a bank under the management of a liquidator appointed by the district court pursuant to the provisions of §§ 30 and 31 of the aforesaid Banking Law. The provisions of § 37 are applicable when there is involved the dissolution of a bank by agreement of two-thirds of the shares representing the capital stock. It is in such a case that the authority of the Treasurer is needed in order to execute new contracts.

The second and third objections of the registrar are also untenable. The registrar as well as the court should presume, in the absence of evidence to the contrary, that the

procedure followed in the district court and by virtue of which the appellant conveyed the credit in question, complied with legal requirements.

The respondent registrar has not called our attention to any statute that requires that the assignment or sale of property or credits forming part of the assets of a bank in liquidation should be made at a public sale. In the absence of a statute which expressly provides the form and manner in which the liquidator of a bank in liquidation should make the sale of the property or credits in his custody, the applicable doctrine is the one establishing that the powers of the district court, as a court of equity, are not limited by any rule, and that the court has ample power to act in such a way as in its discretion it may most properly protect all the interested parties. It is true that as a general rule the liquidators dispose of the property in a public sale. However, it has been held that when the court deems it convenient for the welfare of the parties and for the trust, it may make an order to the liquidator to sell at a private sale, or the court may accept an offer made directly to the court, or may ratify a sale already made. See Clark on Receivers, vol. I, § 509 (a), p. 689; *Central National Bank et al.* v. *Hohlfeld Manufacturing Co.,* 132 Atl. 286, and §186 of the Code of Civil Procedure, 1933 ed. It appears from the order of the court that the adjudications were made by the marshal at a public sale held on November 27, 1942.

■ The Banco Territorial y Agrícola (Caguas Branch), had an interest of $20,000 in the whole mortgage credit constituted in its favor by Macario Rivera and wife. And that interest of $20,000 is the only one that the district court could and did sell to appellant herein through its liquidator. As to the other $36,000 which represent the total amount of the credits of the other twelve creditors, the Banco Territorial was simply a trustee of said twelve creditors. Naturally, the interest of the latter in the mortgage credit may not be as-

signed to anyone without their consent. Moreover, since the corresponding shares of said twelve creditors in the mortgage credit does not form part of the property of the bank in liquidation, the district court did lack jurisdiction to order its sale without the consent of the interested parties.

■ The answer to the objection set up by the registrar appears in the deed of assignment itself executed by the liquidator bank in favor of the appellant and presented for recordation. In the fifth paragraph of said deed the contracting parties agreed "that the assignment made herein between the contracting parties does not include the other credits secured also by the mortgage lien mentioned herein." Such a stipulation is, in our opinion, sufficient to exclude the right of the other twelve mortgages and, therefore, they did not have to be notified of the sale or assignment of the part of said credit which belonged in its own right to the bank in liquidation.

■ It appears from the final order issued by the district court approving the assignment of the credit to the appellant, a copy of which was attached to the documents presented for recordation, that the Attorney General of Puerto Rico and José María del Valle, in his capacity as President of the Intervening Committee of Creditors and Shareholders of the Banco Territorial y Agrícola de Puerto Rico, were notified in order to be heard as to the particulars contained in the motion filed by the liquidator for the approval of the adjudications. If the rights of the shareholders or of the creditors of the bank in liquidation have been in any way prejudiced either because the price accepted by the court was inadequate or for any other reason, the courts of justice and not the registrar are the ones called upon to protect such interests.

The decision appealed from must be reversed and the registrar is hereby ordered to record in favor of the appellant such part of the mortgage credit as belonged to the Banco Territorial y Agrícola de Puerto Rico, Caguas Branch.