FRANCISCO GASTÓN, demandante y apelante, *v.* HEREDEROS DE FRANCISCO MARÍA FRANCESCHI, demandados y apelados.

No. 4944.—*Sometido:* Diciembre 16, 1930. *Resuelto:* Marzo 31, 1932.

*Tous Soto & Zapater,* abogados del apelante; *López de Tord & Zayas Pizarro,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Francisco Gastón inició en la Corte de Distrito de Ponce un pleito contra los herederos de Francisco María Franceschi en solicitud de que se le declarara hijo natural reconocido y en su consecuencia heredero del finado. Los demandados a su vez contrademandaron al demandante solicitando la devolución del legado héchole en su testamento por Francisco María Franceschi y para asegurar la sentencia que pudiera dictarse en tal sentido, pidieron y obtuvieron el embargo de bienes del demandante. Este hizo gestiones para que se dejara sin efecto el embargo y la corte no accedió, dictando dos resoluciones contra las cuales interpuso el presente recurso de apelación. Las resoluciones apeladas, en lo pertinente, dicen:

"La Corte declara sin lugar la moción para disolver el embargo presentada por el demandante-contrademandado Francisco Gastón, . . ."

". . . y asimismo declara sin lugar la moción sobre levantamiento de embargo de hipoteca para garantizar vales hipotecarios y anotación en el registro, presentada por el demandante . . ."

Dos errores señala el apelante en su alegato, el primero cometido, a su juicio, por la corte al no declarar disuelto el embargo en general de bienes del demandante y el segundo al no acceder al levantamiento del embargo de la hipoteca para garantizar vales al portador.

■■ Examinemos el primero. No hay duda alguna de que si claramente la contrademanda no aduce hechos suficientes para determinar una causa de acción, caería por su base cualquier medida adoptada para asegurar la efectividad de la sentencia que pudiera dictarse a virtud de la misma.

La contrademanda presentada en este caso se funda en que al establecer el demandante su demanda violó la cláusula séptima del testamento de su alegado padre, que dice:

"Séptimo:—Quiere el testador que todas las personas y entidades beneficiadas por este testamento gocen de lo que por su voluntad les deja en paz y gracia de Dios, y sólo les pide que rueguen al cielo por su alma y la de su esposa Margarita. Pero si alguna de ellas protestare de ésta mi última voluntad pretendiendo haber sido preterida o injustamente tratada, es su firme voluntad que pierda lo que aquí le deja y pase a sus sobrinos Juan y José María Franceschi."

El demandante acepta que don Francisco María Franceschi le dejó un legado en su testamento, pero sostiene que él no impugna dicho testamento, limitándose a ejercer un derecho cuya renuncia por ser contraria a la ley, sería nula. Su demanda contiene las siguientes alegaciones:

"Que en el referido testamento no fué preterido como heredero, el demandante, si bien se le dejó solamente el legado siguiente: 'Las casas y sus solares de las calles Mayor esquina a Comercio y Cristina esquina a Salud en Ponce, y la cantidad de diez mil dollars, los lega a Francisco Gastón,' . . . 6: Que el demandante, ni alega preterición, ni protesta del expresado testamento o impugna su justicia, limitándose a ejercitar el derecho que cree le asiste a reclamar su

filiación respetando la voluntad paterna hasta donde sea compatible con este derecho."

Y termina con la siguiente súplica:

". . . suplicamos a la Honorable Corte, que declare al demandante hijo natural reconocido de don Francisco María Franceschi y heredero del mismo en la porción legal correspondiente; que no existiendo preterición del demandante, se declare eficaz el testamento de don Francisco María Franceschi en tanto no afecte la legítima del heredero forzoso que demanda, o sea, en cuanto a los dos tercios de toda la herencia a que asciende su legítima . . ."

Creemos que asiste la razón al apelante. Sin necesidad de entrar a resolver si en un caso apropiado la actuación de un legatario al recurrir a la vía judicial constituiría o no una violación de una cláusula como la séptima del testamento de que aquí se trata, bastará decir que dicha cláusula debe entenderse por no puesta en cuanto al demandante porque privar a una persona de alegar su condición de hijo de otra o transar con ella en el sentido de dejarle determinada suma de dinero con tal que no haga valer su dicha condición, sería contrario a la ley. El artículo 4 del Código Civil prescribe:

"Son nulos los actos ejecutados contra lo dispuesto en la ley, salvo los casos en que la misma ley ordene su validez. Los derechos concedidos por las leyes son renunciables, a no ser esta renuncia contra la ley, el interés o el orden público, o en perjuicio de tercero."

Y el 1715 del propio cuerpo legal ordena:

"No se puede transigir sobre el estado civil de las personas, ni sobre las cuestiones matrimoniales, ni sobre alimentos futuros."

En la Enciclopedia Jurídica Española, vol. 17, p. 821, comentando el artículo 137 del antiguo Código Civil y citando la sentencia del Tribunal Supremo de España de 25 de junio de 1909, que se encuentra en 115 J. C. 488, se dice:

"Ha de consignarse, por último, que el ejercicio de estas acciones no es renunciable, porque evidentemente afecta al estado civil de las personas, y ese derecho familiar está comprendido entre los

que se refieren al orden público, que exceptúa de la renuncia el párrafo 2º. del art. 4º. del Código."

Siendo suficiente lo expuesto para concluir que no hubo base para decretar el embargo, no es necesario considerar los otros motivos alegados por el demandante para solicitar su anulación. Tampoco se hace indispensable el estudio de la interesante cuestión de derecho que suscita el segundo error.

Parece oportuno consignar además que en el día de hoy se ha resuelto el recurso de apelación establecido posteriormente por el demandante contra la sentencia que declaró su demanda sin lugar, No. 5626, *Herederos de Francisco Gastón v. Herederos de Francisco María Franceschi,* ante p. 300.

*Debe declararse con lugar el recurso y revocarse en su consecuencia las resoluciones apeladas, anulándose los embargos practicados para asegurar la sentencia que pudiera dictarse a virtud de la contrademanda en el pleito.*

El Juez Asociado Señor Wolf está conforme con el resultado.