AGUSTÍN VALIENTE GRANDA, recurrente *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1136.—*Sometido:* Enero 17, 1944. *Resuelto:* Marzo 6, 1944.

*E. Martínez Rivera* y *Luis Blanco Lugo,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

En septiembre 27 de 1932, la Corte de Distrito de San Juan decretó la administración judicial y la liquidación del Banco Territorial y Agrícola de Puerto Rico; y en mayo 10 de 1937 designó al Banco Popular de Puerto Rico para actuar como *Trustee* y Liquidador del activo y pasivo del Banco en liquidación.

En enero 7, 1943, la corte instruyó al Banco Liquidador para que adjudicara y transmitiera a favor de Agustín Valiente Granda, el aquí recurrente, ciertos créditos propiedad del Banco en Liquidación, entre los cuales figuraba el crédito hipotecario contra Macario Rivera y esposa, objeto del presente recurso. El referido crédito fué formalmente cedido al recurrente por el Banco Liquidador, por escritura pública de julio 23 de 1943, la cual fué aceptada y confirmada por el Consejo de Directores de dicho Banco. Presentada dicha escritura para su inscripción, al Registrador recurrido la denegó mediante la nota siguiente:

"DENEGADA la inscripción del precedente documento por resultar que la cesión y traspaso del crédito hipotecario perteneciente al Banco Territorial y Agrícola de Puerto Rico, Sucursal de Caguas, por la suma de VEINTE MIL DÓLARES, dentro del capital de CINCUENTA Y SEIS MIL DÓLARES garantizados con la hipoteca, se ha verificado por el Liquidador Banco Popular de Puerto Rico, con manifiesta extralimitación de las facultades que como tal liquidador le confiere la Ley: (b) que la subasta verificada por el Márshal de la Corte de Distrito de San Juan el veintisiete de noviembre de mil novecientos cuarenta y dos a *instancia* del liquidador, del crédito perteneciente al Banco Territorial y Agrícola de Puerto Rico, se llevó a efecto actuando el liquidador sin facultades para ordenarla y por tanto sin autoridad ni jurisdicción el Márshal para llevarla a efecto: (c) que la Corte de Distrito de San Juan, no tenía jurisdicción para dictar su resolución final de enero siete de mil novecientos cuarenta y tres en el caso civil número 17,493 sobre Administración Judicial, por virtud de la cual ordenó la adjudicación del crédito en Corte abierta a favor de Agustín Valiente Granda e instruyó al liquidador el Banco Popular de Puerto Rico la trasmisión del mismo cré-

dito al señor Valiente en substitución de Gonzalo Aponte; y que todos esos actos y contratos realizados se llevaron a efecto sin el consentimiento y con perjuicio de los acreedores y accionistas del Banco Territorial y Agrícola de Puerto Rico en liquidación, no constando de los documentos presentados que hayan sido citados y oídos en defensa de sus respectivos derechos, tomándose anotación preventiva por el término legal a favor de don Agustín Valiente Granda allí donde indica la nota al margen de la descripción de las fincas que comprende este documento. Caguas, a doce de noviembre de 1943. (firmado) L. Abella. Registrador. Dros. cancelados $71.00. Nos. 1 y 5 del Arl. y C. P.''

En apoyo de su recurso el recurrente alega:

(*a*) Que la nota recurrida sólo contiene conclusiones de ley sin base o apoyo alguno en los documentos presentados.

(*b*) Que de los documentos presentados aparece la capacidad del Banco Liquidador para realizar el traspaso del crédito a favor del recurrente.

(*c*) Que la Corte de Distrito de San Juan tenía jurisdicción para ordenar el traspaso, sin que esté permitido al Registrador calificar la justicia o el error de la resolución judicial ordenando el traspaso. (*Fortis* v. *Registrador,* 43 D.P.R. 94 y *Sucesión Estrella* v. *Registrador,* 41 D.P.R. 756).

(*d*) Que en el supuesto de que fuera requisito previo al otorgamiento de la escritura la citación de los accionistas y acreedores del Banco en liquidación, de la propia resolución de la Corte aparece que tal citación se hizo.

En defensa de su nota, el registrador recurrido alega:

1. Que la cesión del crédito hipotecario se ha verificado por el Banco liquidador con manifiesta extralimitación de las facultades que como tal liquidador le confiere la ley y en contravención de lo dispuesto en el párrafo 3°. de la sección 37 de la ''Ley de Bancos'' de Puerto Rico. (Comp. Est. Rev. y Códigos, 1941, pág. 1143.) Sostiene el Registrador que la cesión de crédito en cuestión no es un acto de liquidación y sí un nuevo contrato para cuya validez se requiere la autorización del Tesorero de Puerto Rico.

2. Que ni de la escritura de cesión ni de la resolución final dictada en enero 7, 1943 aparece cuál fué el procedimiento seguido y por virtud del cual el márshal vendió el crédito al recurrente; que de los documentos presentados se deduce que la subasta de los créditos fué verificada por el márshal a instancias del banco liquidador; y que la confirmación por la corte fué solicitada para convalidar la actuación ilegal del márshal.

3. Que la Corte de Distrito de San Juan actuó sin jurisdicción al dictar su resolución final de enero 7 de 1943, invadiendo las facultades conferidas por la ley al márshal como funcionario ejecutivo de la corte. Basa el recurrido esta contención en que a su juicio la corte de distrito, después de haberse negado a confirmar la adjudicación hecha por el márshal a favor de Gonzalo Aponte, por no considerar razonable el precio ofrecido por éste, debió ordenar la celebración de una nueva subasta, en vez de ordenar como ordenó en aquel mismo acto al liquidador que transmitiera los créditos al recurrente señor Valiente, quien encontrándose allí presente ofreció la suma de ocho mil dólares. Alega además el recurrido, que la corte no tuvo en cuenta al aprobar la cesión que no se trataba de la realización de títulos mobiliarios y créditos de difícil o dudoso cobro y sí de un crédito por $20,000 garantizado con hipoteca sobre catorce fincas debidamente inscritas.

4. Que del registro aparece que el crédito en cuestión fué constituído por Macario Rivera y esposa para garantizar a varios acreedores de la firma Macario Rivera y Hermanos el pago de sus créditos por un total de $56,000; que entre esos acreedores figuraba el Banco Territorial y Agrícola con un crédito de $20,000 y doce acreedores más hasta el completo de los $56,000; que en el convenio de espera y en la inscripción de la hipoteca se hizo constar que la garantía, aun cuando constituída a favor del Banco Territorial, Sucursal de Caguas, "se ha otorgado para garantizar el pago de las

obligaciones contraídas por la firma Macario Rivera y Hermanos a los señores relacionados anteriormente en esa inscripción.'' Sostiene el registrador, que por virtud de las estipulaciones consignadas en la escritura de hipoteca, los acreedores personales de la firma Macario Rivera y Hermanos se convirtieron, en unión del Banco Territorial y Agrícola, en acreedores hipotecarios de Macario Rivera; que el Banco, al aceptar tal encomienda, contrajo implícitamente la obligación de pagar hasta donde fuere posible, a los otros acreedores, sus respectivos créditos llegado el momento de hacer efectiva la garantía hipotecaria; y que esos doce acreedores que lo son de Macario Rivera y señora, como deudores hipotecarios, no fueron notificados de la cesión del crédito hipotecario, pues aún cuando en la orden de la corte se expresa que José María del Valle compareció a la vista como Presidente del Comité de Acreedores del Banco Territorial, dicho señor del Valle no ostentaba la representación de los acreedores hipotecarios de Macario Rivera.

▆ En los casos de *Fortis* v. *Registrador* y *Sucesión Estrella* v. *Registrador*, citados por el recurrente, se resolvió que cuando la corte de distrito ha dictado una resolución, ésta debe ser tenida por buena y suficiente si la corte tenía jurisdicción y el procedimiento seguido fué el marcado por la ley; y que al hacer su calificación, el registrador puede opinar en cuanto a esos dos particulares, más no así en cuanto a la justicia o error de la resolución, que están fuera de su autoridad y su criterio. Veamos, pues, si el registrador se ha apartado en este caso de la regla sentada por dicha jurisprudencia.

▆ La primera objeción del registrador carece de méritos. El párrafo 3°. de la sección 37 de la Ley de Bancos, en que la misma se basa, dice así:

''Durante el período de liquidación de un banco, su administración dejará de hacer nuevos contratos y obligaciones, a menos que sea autorizado para ello por el Tesorero de Puerto Rico, quedando

limitadas sus facultades, en calidad de liquidadora, a percibir los créditos, a extinguir las obligaciones que vayan venciendo y a realizar las operaciones que estuvieren pendientes."

El citado precepto legal no es aplicable cuando se trata, como en el caso de autos, de la administración judicial y liquidación de un banco bajo la dirección de un Síndico nombrado por la corte de distrito, de acuerdo con las disposiciones de las secciones 30 y 31 de la misma Ley de Bancos. Las disposiciones de la sección 37 son aplicables cuando se trata de la disolución de un banco por acuerdo de dos terceras partes de las acciones representativas de su capital. Es en ese caso que se necesita la autorización del Tesorero para la celebración de nuevos contratos.

■■ Tampoco son sostenibles las objeciones segunda y tercera del registrador. Tanto éste como nosotros debemos presumir, en ausencia de prueba en contrario, que los procedimientos seguidos ante la corte de distrito y por virtud de los cuales se trasmitió al recurrente el crédito en cuestión, se ajustaron a los requisitos legales.

El registrador recurrido no ha llamado nuestra atención hacia estatuto alguno que requiera que la cesión o venta de bienes o créditos pertenecientes al pasivo de un banco en liquidación debe ser hecha mediante subasta pública. No existiendo un estatuto que en términos expresos disponga la forma y manera en que el Síndico de un banco en liquidación deberá hacer la venta de los bienes o créditos bajo su custodia, la doctrina aplicable es la que sostiene que la corte de distrito, como Corte de Equidad, no está limitada en sus facultades por regla alguna y tiene amplia facultad para actuar en la forma que a su juicio sea la más adecuada para la protección de todas las partes interesadas. Es cierto que por regla general los Síndicos disponen de los bienes mediante subasta pública. Empero, se ha sostenido que cuando lo considera conveniente para los intereses de las partes y para los bienes en fideicomiso, la corte está facultada para ordenar al Síndico que disponga de los bienes mediante venta

privada, o para aceptar una oferta hecha directamente a la corte, o para ratificar una venta ya hecha. Véanse: Clark *on Receivers,* Vol. I, §509 (a), pág. 689; *Central National Bank et al* v. *Hohlfeld Manufacturing Co.* 132 Atl. 286, y el artículo 186 del Código de Enjuiciamiento Civil, Ed. 1933. De la resolución de la corte aparece que las adjudicaciones fueron hechas por el márshal en subasta celebrada el 27 de noviembre de 1942.

El Banco Territorial y Agrícola de Puerto Rico, Sucursal de Caguas, tenía un interés de $20,000 en la totalidad del crédito hipotecario constituído a su favor por Macario Rivera y esposa. Y ese interés de $20,000 es el único que la corte de distrito, por medio de su Síndico, podía vender y vendió al aquí recurrente. En cuanto a los $36,000 restantes, que representan el total de los créditos de los otros doce acreedores, el Banco Territorial era simplemente un depositario o Trustee de dichos doce acreedores. El interés de éstos en el crédito hipotecario no puede desde luego ser cedido a nadie sin su consentimiento. Además, no siendo las participaciones de dichos doce acreedores en el crédito hipotecario parte de los bienes del Banco en liquidación, la corte de distrito no tendría jurisdicción para ordenar su venta sin el consentimiento de los interesados.

La contestación a la objeción formulada por el registrador consta en la misma escritura de cesión otorgada por el banco liquidador a favor del recurrente y presentada para su inscripción. En el párrafo quinto de dicha escritura las partes contratantes convienen "que la cesión que aquí se formaliza entre los otorgantes no se extiende a los demás créditos garantizados también por el gravamen hipotecario aquí relacionado." Esa estipulación es a nuestro juicio suficiente para dejar a salvo el derecho de los otros doce acreedores hipotecarios, y no era por tanto necesario que se les notificase la venta o cesión de la parte de dicho crédito que correspondía por su propio derecho al Banco en liquidación.

■ De la resolución final dictada por la corte de distrito aprobando la cesión del crédito al recurrente, copia de la cual figura entre los documentos presentados al registro, consta que fueron notificados el Procurador General de Puerto Rico y José María del Valle, en su carácter de Presidente del Comité Interventor de Acreedores y Accionistas del Banco Territorial y Agrícola de Puerto Rico, para ser oídos sobre los particulares contenidos en la solicitud del Liquidador para la confirmación de las adjudicaciones. Si los derechos de los accionistas o acreedores del banco en liquidación han sido en modo alguno lesionados, ya porque el precio aceptado por la corte haya podido ser inadecuado o por cualesquiera otras razones, es a los tribunales de justicia a quienes corresponde protegerlos, y no al registrador.

*La nota recurrida debe ser revocada y ordenarse al Registrador que inscriba a favor del recurrente la participación que en el crédito hipotecario correspondía al Banco Territorial y Agrícola de Puerto Rico, Sucursal de Caguas.*