Ismael H. Herrero, et. als., recurrentes, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1142.—*Sometido:* Mayo 24, 1944. *Resuelto:* Mayo 31, 1944.

*Dubón & Ochoteco, Otero Suro & Otero Suro* y *M. Benítez Flores,* abogados de los recurrentes; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Luis Meaux instó en la Corte de Distrito de San Juan un pleito en cobro de dinero contra la Sucesión de José Rodríguez Pérez. Los demandados contestaron la demanda y suplicaron que se impusiese al demandante el pago de las costas y honorarios de abogado. Deseando asegurar el cobro de dichas costas y honorarios, los demandados solicitaron. y obtuvieron de la corte de distrito el embargo de bienes del demandante hasta la cantidad de tres mil quinientos dólares, previa fianza que prestaron por igual cantidad. Enviado el

correspondiente mandamiento al Registrador de la Propiedad de San Juan, Sección Segunda, se denegó la anotación por los siguientes fundamentos: 1, porque el embargo fué ordenado a favor de los demandados, sin que de los documentos presentados apareciese que dichos demandados hubiesen establecido reconvención o contrademanda; y 2, porque se decretó la prohibición de enajenar la finca embargada, y dicha prohibición sólo procede cuando la obligación reclamada fuere de dar cosa determinada poseída por el deudor o por un tercero a su nombre.

██ En apoyo del primer fundamento de su nota, arguye el registrador que de acuerdo con los términos claros de la ley, el embargo es un remedio que se concede exclusivamente al demandante, y que sólo puede obtenerlo el demandado en aquellos casos en que por haber radicado una reconvención o una contrademanda, el demandado en lo que a una u otra alegación se refiere, se convierte y viene a ocupar la posición legal de un demandante. Sostiene además el Registrador que de acuerdo con el artículo 1 de la ley para Asegurar la Efectividad de Sentencias, el embargo sólo puede obtenerlo el que demandare en juicio el cumplimiento de una obligación, y que en el presente caso ninguna obligación por parte del demandante a favor de los demandados existió al tiempo de decretarse el embargo. La posibilidad de que la demanda no prospere y el demandante sea condenado al pago de las costas y honorarios de abogado, dice el Registrador, es una contingencia que puede o no realizarse, y que si esa posibilidad bastara para que pudiese decretarse un embargo, en todos los casos podría haber dos embargos: el del demandante, para asegurar el cumplimiento de la obligación que reclama, y el del demandado, para asegurar el pago de las costas y honorarios de abogado para el caso de que se declare sin lugar la demanda.

Los recurrentes sostienen que a virtud de lo prescrito en el artículo 327 del Código de Enjuiciamiento Civil (ed. 1933),

la parte a cuyo favor se dicte una sentencia o resolución final tiene derecho a que se le concedan las costas, y también honorarios de abogado cuando la parte adversa haya procedido con temeridad. Insisten los demandados recurrentes en que para el caso de que la sentencia pudiera dictarse a su favor, tienen ellos derecho, mediante embargo, a asegurar la efectividad del pronunciamiento de la sentencia que condene en costas y honorarios a los demandantes.

Es cierto que el referido artículo 327 prescribe que a la parte a cuyo favor se dicte cualquier sentencia o resolución final, le serán concedidas las costas, y también honorarios de abogado cuando la parte adversa haya procedido con temeridad, pero ¿en qué momento surge esa obligación de pagar costas y honorarios de abogado? Los propios recurrentes nos lo dicen en la página 7 de su alegato:

"Si sólo puede concluirse que la condena de costas y honorarios de abogado es una obligación nacida de la ley, mediante la cual un litigante viene obligado a satisfacerle a otro litigante, *que lo ha vencido en juicio,* el pago de determinada cantidad de dinero, forzoso es concluir que *a través de tal condena surge un acreedor y un deudor.*" (Bastardillas nuestras.)

Si para que esa obligación exista es preciso que antes se haya dictado sentencia o resolución final a favor del demandado, la alegada obligación es una condicional, y debe regirse por el artículo 1067 del Código Civil (ed. 1930), dispositivo de que "En las obligaciones condicionales *la adquisición de los derechos,* así como la resolución o pérdida de los ya adquiridos, *dependerá del acontecimiento que constituya la condición.*" (Bastardillas nuestras.) Como al tiempo de ordenarse el embargo, la obligación que reclaman los demandados no existía, pues aún no se había dictado sentencia a favor de ellos con ese pronunciamiento, es evidente que no tenían causa de acción para reclamar una obligación que no había surgido, y no teniendo ellos una causa de acción no podía decretarse un embargo a su favor. *Armstrong & Co.*

v. *Irizarry,* 29 D.P.R. 606, 608, y *Gastón* v. *Herederos de Franceschi,* 43 D.P.R. 308, 309. En este último caso se dijo por este Tribunal:

"No hay duda alguna de que si claramente la contrademanda no aduce hechos suficientes para determinar una causa de acción, caería por su base cualquier medida adoptada para asegurar la efectividad de la sentencia que pudiera dictarse a virtud de la misma."[1]

En cuanto al segundo fundamento de la nota, los recurrentes convienen con el registrador en que en el presente caso no procedía la prohibición de enajenar, pero arguyen que el Registrador pudo denegar la anotación de la prohibición de enajenar y anotar la orden de embargo.

Convenimos en que por el solo hecho de ordenarse indebidamente la prohibición de enajenar, no podía denegarse la anotación del embargo; pero como éste no procedía por las razones que ya hemos expuesto, el Registrador no podía actuar como pretenden los recurrentes.

Finalmente, alegan los recurrentes que la facultad de calificar concedida a los registradores por el artículo 18 de la Ley Hipotecaria, no se extiende a casos como el presente, en que se trata de una resolución judicial dictada con jurisdicción.

En el caso de *Valiente* v. *Registrador,* 63 D.P.R. 149, invocado por los propios recurrentes en apoyo de su tesis, y en los de *Fortis* v. *Registrador,* 43 D.P.R. 94, y *Sucesión Estrella* v. *Registrador,* 41 D.P.R. 756, que en el primero se citan con aprobación, se sostiene que cuando la corte de distrito ha dictado una resolución final, el registrador debe tenerla por buena y suficiente si la corte tenía jurisdicción y *el procedimiento seguido fué el marcado por la ley.* Véase tam-

---

[1] Para un estudio sobre el origen de la doctrina que requiere la existencia de una causa de acción para que proceda el remedio de embargo, véase la Monografía en 30 Am. Dec. 606.

bién Galindo y Escosura, Legislación Hipotecaria, cuarta edición, tomo II, pág. 128.

Concedemos que la corte de distrito tenía jurisdicción sobre el pleito, pero es innegable que el procedimiento seguido por ella al decretar el embargo no fué el marcado por la ley, puesto que lo decretó prematuramente para asegurar una obligación que todavía no tenía existencia legal, y consecuentemente no podía dar lugar a la expedición de una orden de embargo.

*Procede la confirmación de la nota recurrida.*