Raúl Iñesta, recurrente; *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

Núm. 1178.—*Sometido:* Enero 3, 1946. *Resuelto:* Febrero 28, 1946.

*Pascasio Fajardo Martínez,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El recurrente presentó en la corte de distrito una petición para acreditar a su favor el dominio de una finca y solicitó se cancelase una inscripción contradictoria de dominio que aparecía inscrita en relación con la misma finca. La corte de distrito dictó una resolución a este efecto, que el Registrador se negó a inscribir por el fundamento de que "no aparece del documento que todos los anteriores dueños hayan sido citados en la forma que determina le ley". El recurrente instó este recurso gubernativo contra la nota del Registrador.

La resolución de la corte de distrito dice que "se expidieron y publicaron de conformidad a ley los correspon-

dientes edictos . . . así como fueron notificados con cédula todos los anteriores dueños del inmueble, a excepción de los menores Santos Morales Raldiris, Rubén y Luis Enrique Raldiris, ni el padre de ellos por encontrarse residiendo en los Estados Unidos desde hace varios meses; no habiendo sido notificados igualmente los mayores María, Miguel Raldiris y Petra e Isabel Bernier por desconocerse su paradero.''

La referencia en la resolución en cuanto se refiere a la publicación, no está suficientemente clara. La publicación pudo haber contenido simplemente una manifestación general de conformidad con el artículo 395 de la Ley Hipotecaria, notificando a todas las personas que pudieran ser afectadas por el procedimiento. Pero en *Cerdá* v. *Ossorio*, 65 D.P.R. 336, resolvimos que en un procedimiento de información de dominio contradictorio la citación por edictos a las personas interesadas en la inscripción contradictoria debe hacerse de conformidad con el artículo 94 del Código de Enjuiciamiento Civil, ahora la Regla 4(e) de las Reglas de Enjuiciamiento Civil, que exige entre otras cosas que el edicto de su faz contenga los nombres de todas las personas que con él se están citando. En el presente caso el edicto debió por tanto nombrar específicamente todas las personas cuyos nombres se hicieron constar en la resolución de la corte resolviendo el caso.

El Registrador tenía derecho a denegar la inscripción por razón de esta ambigüedad en la resolución. *Herrero* v. *Registrador*, 63 D.P.R. 709; *Lebrón* v. *Registrador*, 63 D.P.R. 359.

Parece conveniente indicar además que no es suficiente en esta clase de casos la mera citación. Es necesario citar y oír a las partes. *Rodríguez Arvelo* v. *Registrador*, ante, pág. 653.

*La nota del Registrador será confirmada.*