Miguel Alcázar, peticionario, v. Corte de Distrito de Ponce, Hon. Ramón A. Gadea Picó, Juez, demandada.

Núm. 1684.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Noviembre 14, 1947.

*R. Atiles Moréu,* abogado del peticionario; el juez demandado compareció por escrito.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En 3 de abril de 1946 la Corte de Distrito de Ponce dictó sentencia aprobando un expediente de dominio tramitado ante

ella por Miguel Alcázar. En 21 de noviembre del mismo año el promovente acudió una vez más ante dicha corte en solicitud de que se dejara sin efecto la sentencia dictada, fundándose en que al ser presentada copia certificada de la misma al Registrador de la Propiedad de Ponce, éste le había informado que la finca objeto del expediente, dada su situación y colindancias, forma parte de la número 9698, la que está inscrita a favor de Pedro Clausells Armstrong, mayor de edad y vecino de Ponce; y que lo procedente era dar una oportunidad al titular para que compareciera en corte e informara si se allanaba a la cancelación del asiento existente a su favor en el Registro de la Propiedad o si por el contrario se oponía a ello. En tal virtud, solicitaba se dejara sin efecto la sentencia dictada y se abriera el caso, a fin de citar y oír a dicho titular. El 4 de diciembre siguiente la corte dictó resolución haciendo constar que de acceder a lo que se pedía habría que establecer un nuevo procedimiento, y que entendía que, por el contrario, el remedio indicado era "reunir al titular del Registro y a su comprador anterior inmediato (*sic*) y a todas las personas interesadas y otorgar la escritura correspondiente para poder inscribir la finca de este expediente como una segregación de la finca número 9698."(¹)

No conforme, dicho promovente acudió ante nos por *certiorari* y una vez expedido el auto y radicados los alegatos de rigor (²) el recurso ha quedado finalmente sometido a nuestra consideración, sin vista.

██ No actuó correctamente la corte inferior al proceder en la forma en que lo hizo. El procedimiento indicado por ella—la reconstrucción de la cadena de títulos—no resulta ser

---

(¹) El mismo día que la Corte de Distrito de Ponce dictó la resolución arriba mencionada, el promovente presentó una nueva moción reiterando su solicitud de noviembre 21. No sabemos si al dictar su ameritada resolución la corte inferior tuvo o no en cuenta la nueva moción radicada, pero, en caso afirmativo, la segunda moción pudo ser considerada como complementaria de la primera. 14 Cal. Jur. 1049.

(²) Véase la Regla 15(*e*) de este Tribunal.

siempre el camino más corto, ni el más viable. Si la persona a cuyo favor figura inscrita la propiedad en el Registro se desprendió de ella hace años, es muy posible que en el ínterin algunos de los adquirentes anteriores al promovente y posteriores al titular hayan desaparecido o se encuentren fuera del país. Faltando uno o más de los eslabones, la reconstrucción resulta harto difícil, si no imposible. Por otra parte, ya este Tribunal ha resuelto que "en Puerto Rico no procede la cancelación de un asiento contradictorio en un expediente de dominio *a menos que a ello consienta el titular, o a menos que sea oído y vencido en juicio al oponerse a las pretensiones del peticionario.*" (Bastardillas nuestras.) *Rodríguez v. Registrador,* 65 D.P.R. 653, 657. Esto a *contrario sensu* significa indudablemente que si dentro del expediente de dominio se cita y *oye* al titular del Registro y éste se aviene a la cancelación de la inscripción a su favor o es vencido en juicio, el asiento contradictorio puede y debe ser cancelado. *Iñesta* v. *Registrador,* 65 D.P.R. 773, 774.

■■ Insiste además la corte recurrida en que su resolución denegatoria debe subsistir, dado el hecho de que la moción para que se deje sin efecto la sentencia dictada fué presentada tardíamente.[3] Es sabido que una moción de tal naturaleza, archivada luego de expirado el término de seis meses, debe ser declarada de plano sin lugar, a no ser que se demuestre que la sentencia en cuestión es nula de su propia faz, caso en el cual la moción puede ser radicada en cualquier tiempo. *People* v. *Davis,* 143 Cal. 673, 675; *Rue* v. *Quinn,* 137 Cal. 651, 654; 14 Cal. Jur. 1067. ¿Es nula de su propia faz la sentencia dictada por la Corte de Distrito de Ponce en el expediente de información de dominio en este caso? Prima facie no lo es. Sin embargo, debe tenerse presente que es regla de derecho que para determinar si una sentencia es o no nula de su propia faz habrá de acudirse no sólo a la sentencia

[3] *Cf. Great American Insurance Company* v. *Corte,* 67 D.P.R. 564.

misma si que también a todo el legajo (*judgment roll*) de que ella forma parte. En la petición original sobre información de dominio radicada ante la corte inferior se hace constar de manera enfática que "la finca nunca ha estado inscrita", y en la propia sentencia dictada aparece idéntica aseveración, así como que "los anteriores dueños de paradero desconocido, las personas ignoradas, y las que pudieran tener algún derecho a oponerse a la petición" fueron citadas por edictos. En ninguno de esos documentos, ni en el legajo de sentencia (*judgment roll*) en su totalidad aparece, sin embargo, que el titular del Registro fuera citado *y oído*. No obstante, para determinar si la sentencia adolece de algún defecto que la vicia de nulidad no debemos limitarnos a estudiar ésta en su integridad, ni a examinar todo el legajo de sentencia, puesto que cuando la parte que solicita la reapertura de la sentencia o que se deje la misma sin efecto es aquélla a cuyo favor la sentencia se dictó, entonces los hechos alegados en la moción archivada al efecto deben considerarse como complementarios del *récord*. *Thompson* v. *Cook*, (1942) 20 Cal. 2d 564, 569. Si al quedar éste así complementado se desprende del mismo que la sentencia es nula, la moción puede entonces radicarse en cualquier tiempo y el juez a quien se hace la solicitud estará en la obligación de declarar con lugar la misma, de dejar sin efecto la sentencia o de reabrir ésta y de oír la prueba que el promovente tenga a bien aducir. *Neblett* v. *Pacific Mutual Life Insurance Company*, (1943) 22 Cal. 2d 393, 400, y 15 Cal. Jur., sección 146, pág. 62.([4])

*Por las razones expuestas debe anularse la resolución dictada por la Corte de Distrito de Ponce con fecha 4 de diciembre de 1946 en el Caso Civil R—1230.*

---

([4])Véase también la opinión disidente del Juez Carter de la Corte Suprema de California en *Willson* v. *Security-First National Bank*, (1943) 21 Cal. 2d 705, 716.