ÁNGEL ROSADO MARRERO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, recurrido.

Núm. 1242.—*Sometido:* Abril 4, 1949. *Resuelto:* Junio 13, 1950.

*Benigno Dávila,* abogado del recurrente; el Registrador recurrido no compareció; *Rafael R. Fuertes, Félix Bello* y *A. Sandín del Manzano,* abogados de la Junta de Planificación, como *amicus curiae* ésta.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Ángel Rosado Marrero, el aquí recurrente, inició acción sobre otorgamiento de escrituras en la Corte de Distrito de Bayamón contra los herederos de Paula Rosado Marrero y otros demandados. En la sentencia dictada a su favor, se estableció, en cuanto a los demandados primeramente mencionados, que el 3 de junio de 1926 y por escritura pública número 41 otorgada ante el notario Ignacio Morales Acosta— e inscrita en el Registro de la Propiedad de Bayamón—el recurrente compró a Julia, Evangelista, Juana, Dolores, Julio, Nicolás, Lucía, Eliseo, Tomasa y Ramón Rosado Marrero sus condominios, participaciones, derechos y acciones en una finca poseída en común y proindiviso entre éstos, el demandante y la causante de los demandados, de 5.16 cuerdas, situada en el Barrio Abras, de Corozal. Se estableció asimismo que dicha causante Paula Rosado Marrero fué la única condueña que no le vendió su participación en dicha finca, habiendo convenido con el demandante en que en pago de su parte se le segregara, de la misma, un predio de 39 céntimos de cuerda con un valor de $30, lo que se hizo, habiéndolo poseído dicha Paula Rosado Marrero hasta su muerte en 28 de febrero de 1938, pasando entonces a sus herederos. La sentencia ordenaba que éstos otorgaran la escritura correspondiente ratificando la parcelación y segregación del predio de 39 céntimos ya mencionado, y en caso de que no lo hicieren, lo hiciera el márshal a su nombre. Éste así lo hizo, y presentada en el Registro de la Propiedad de Bayamón, el Registrador denegó su inscripción ". . .por no haberse acompañado documento alguno acreditativo de que la segregación fué aprobada por la Junta de Planificación, Urbanización y Zonificación de Puerto Rico. . . ."

Contra esta nota se interpuso el presente recurso. Argumenta el recurrente que erró el Registrador al denegar la inscripción por el fundamento consignado en su nota, ya que habiendo mediado sentencia de una corte competente, de la cual aparecía que la segregación de hecho existió con anterioridad a la vigencia del Reglamento sobre Lotificación, no era necesario acompañar documento alguno de la Junta sobre tal extremo.

 El Registrador recurrido no compareció, pero admitimos a la Junta como *amicus curiae.* Ésta, en su bien elaborado alegato, sostiene la actuación del Registrador por el fundamento de que la determinación de si existió o no una segregación de hecho con anterioridad a la vigencia del Reglamento de Lotificación corresponde a dicho organismo y no a las cortes, pudiendo los interesados acudir en revisión a este Tribunal bajo el artículo 26 de la ley, de las resoluciones adversas de la Junta.

De la sentencia cuya ejecución ha dado lugar a este recurso, surge con toda claridad que la parcela de 5.16 cuerdas envuelta en este recurso pertenecía en común y proindiviso a doce hermanos, entre los que estaban el aquí recurrente y la causante de los demandados en la acción ante la Corte de Distrito de Bayamón. Dicha comunidad de bienes—artículo 326 del Código Civil, ed. 1930—se redujo a una comunidad entre dicha causante y el recurrente al vender todos los demás a éste sus participaciones indivisas, conviniendo entonces los dos condueños en dividir la cosa común—artículo 334 del Código Civil—y asignándose a la mencionada causante la parcela de .39 cuerda ya mencionada.

Nada encontramos en la Ley núm. 213 de 1942 ((1) pág. 1107), según enmendada, que prive a las cortes de distrito, que son cortes de jurisdicción general, de facultad o jurisdicción para resolver, como incidente de la cuestión litigiosa que se someta a determinación judicial, sobre un hecho necesariamente envuelto en dicha cuestión, ocurrido antes del 4 de

septiembre de 1944, (¹) fecha de vigencia del Reglamento sobre Lotificación. La acción entablada por el recurrente ante la Corte de Distrito de Bayamón, lo fué para obtener el otorgamiento de una escritura que dejó de otorgarse como trámite o formalidad de la división de la comunidad de bienes, después de haber convenido los condueños tal división y la adjudicación de las porciones correspondientes. Para privar a las cortes de jurisdicción general de autoridad para conocer de una controversia propia de los tribunales, y situar tal jurisdicción en un tribunal especial o un organismo administrativo, es necesario que el estatuto expresamente así lo disponga o surja del mismo por implicación necesaria. *Moore* v. *Illinois Central Railroad Co.*, 312 U. S. 630, 85 L. ed. 1089. (²) Mientras esto no se haga o surja, las cortes de jurisdicción general son competentes para, incidentalmente y dentro de cualquier causa de acción de que puedan conocer, ventilar todos los hechos necesarios para hacer su determinación. Una vez juzgada tal cuestión, como en este caso, los Registradores deben tener por buena y suficiente la sentencia en cuanto a las determinaciones de hecho del tribunal y no pueden sustituir su criterio por el de éste, *Wilcox* v. *Registrador*, 67 D.P.R. 475; *Santos* v. *Registrador*, 64 D.P.R. 801; *Herrero* v. *Registrador*, 63 D.P.R. 709; *Valiente* v. *Registrador*, 63 D.P.R. 149, sin que obste para tal acatamiento el hecho de que la sentencia se haya obtenido, como aquí lo fué, en rebeldía, pues en ausencia de fraude o colusión, si la corte tiene jurisdicción sobre la materia y sobre las partes, tal sentencia es *res judicata*. *Morris* v. *Jones*, 329 U.S. 545, 99 L. ed. 488; *Riehle* v. *Margolies*, 279 U.S. 218, 73 L. ed. 669.

*La nota del Registrador será revocada y ordenada la inscripción de la parcela segregada.*

---

(¹) El caso de *Matos* v. *Junta de Planificación*, 66 D.P.R. 439, en cuanto a lo en él dispuesto luego de revocada la resolución de la Junta, no es precedente para éste. Tampoco lo es el de *Rivera* v. *Registrador*, 64 D.P.R. 461.

(²) Nada anticipamos sobre un pleito similar al que aquí consideramos en el que estuviera envuelta una cuestión de hecho surgida con posterioridad a la fecha de vigencia del Reglamento sobre Lotificación.