Isidro Báez, recurrente, *v.* El Registrador de la Propiedad de San Juan, recurrido.

Número 1295.

*Sometido:* 22 de abril de 1953. *Resuelto:* 24 de abril de 1953.

*Carlos D. Vázquez,* abogado del recurrente; el Registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

En una acción tramitada en el Tribunal Superior de Puerto Rico, Sala de San Juan, se dictó sentencia en la cual, en parte, se condenó al demandante a pagar al demandado la suma de $100 por concepto de honorarios de abogado y las costas del litigio. El tribunal a quo expidió un mandamiento de embargo, ordenando al Registrador de la Propiedad de San Juan que anotase en los libros del Registro el embargo de una finca del demandante para responder al demandado de $150 por concepto de costas y honorarios de abogado en el litigio ya mencionado. El Registrador denegó la anotación ordenada, en virtud de la siguiente nota:

"Denegada la anotación del presente documento por observarse que el embargo se ha ordenado por una suma mayor a la de la sentencia dictada en este caso, habiéndose tomado en su lugar anotación preventiva por 120 días a favor de Isidro Báez . . . con el defecto de no expresarse las circunstancias personales de los litigantes."

No hay controversia alguna en cuanto a los $100 señalados para honorarios de abogado. La verdadera cuestión se refiere al hecho de que en el mandamiento de embargo se incluye la suma total de $150, o sea, de $50 adicionales para costas, sin que esa suma aparezca específicamente en la sentencia. Realmente lo que hizo el Tribunal de San Juan fué hacer un cálculo previo en cuanto a la suma que pudiese ser señalada posteriormente por concepto de costas, haciéndose ese cálculo previo a los fines de que se pudiese anotar un embargo antes de que se dilucidase definitivamente la cuestión relativa a la cuantía de las costas.

El inciso sexto del artículo 126 del Reglamento para la Ejecución de la Ley Hipotecaria determina lo siguiente:

"Artículo 126.—Las anotaciones preventivas contendrán, según los casos, las circunstancias siguientes:
" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"Sexta: Si se hiciere a consecuencia de mandamiento de embargo o secuestro, o en cumplimiento de alguna ejecutoria, se

expresará así, manifestando el importe de lo que se trate de asegurar, y los nombres del que haya obtenido la providencia a su favor, y de aquél contra quien se haya dictado."

Ya este Tribunal ha resuelto hace mucho tiempo que en virtud del artículo 126 ya citado los mandamientos de embargo de bienes inmuebles deberán expresar la cantidad que se haya calculado para costas, siendo defecto subsanable la falta de consignar semejante extremo en dichos mandamientos. *Parra* v. *Registrador*, 1 Castro 343; 2 S.T.S. 592, 595. El tribunal a quo actuó correctamente al darle efectividad al derecho del demandado a anotar un embargo en virtud de la sentencia, no solamente en cuanto a la cantidad fija concedida en concepto de honorarios de abogado sino que también en cuanto a su derecho a cierta cantidad aún indeterminada en cuanto a costas. Además, el Registrador actuó en exceso de sus facultades al negarse a anotar el embargo. Cae dentro de la función calificadora de un Registrador con respecto a una sentencia el determinar, no solamente la cuestión jurisdiccional, sino que también si la sentencia está autorizada por la ley, pero el Registrador no puede considerar los fundamentos intrínsecos de una sentencia ni sustituir su criterio por el del Tribunal en cuanto a sus determinaciones de hecho. *Bermúdez* v. *Registrador*, ante pág. 151; *Rosado* v. *Registrador*, 71 D.P.R. 553, 556; *Wilcox* v. *Registrador*, 67 D.P.R. 475. Si la corte ha dictado una resolución final, el Registrador debe tenerla por buena y suficiente si la corte tenía jurisdicción y el procedimiento seguido fué el marcado por la ley, sin que el Registrador pueda sustituir su criterio sobre los hechos por el de un tribunal. *Wilcox* v. *Registrador*, supra; *Herrero* v. *Registrador*, 63 D.P.R. 709, 712; *Valiente* v. *Registrador*, 63 D. P. R. 149; *Sucn. Trías* v. *Registrador*, 59 D.P.R. 460.

En este caso el tribunal estableció un criterio en cuanto a la cuantía estimada de las costas, a los fines de garantizar

la efectividad del cumplimiento de la sentencia en cuanto al derecho concedido a la parte demandada en cuanto a costas y honorarios de abogado. Ese criterio judicial tenía que ser acatado por el Registrador.

*En virtud de lo expuesto, debe revocarse la nota recurrida.*