Francisca E. Sepúlveda Viuda de Ortiz, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

Núm. 1156.—*Sometido:* Noviembre 6, 1944. *Resuelto:* Enero 18, 1945.

*José Sabater,* abogado de la recurrente; el registrador recurrido no compareció.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Francisca E. Sepúlveda y sus hijos otorgaron una escritura el 12 de junio de 1944 ante el notario Rafael Augusto Saliva por la cual agruparon tres solares de su propiedad radicados en Mayagüez, formando una finca urbana con superficie de 1,443.08 metros cuadrados, en el cual enclavan trece casas. Se consignó en la escritura que la mitad pro indivisa de la finca agrupada pertenecía a la madre y la otra mitad a sus cuatro hijos. En la misma escritura dividieron la finca agrupada en ocho solares. En cada uno de los siete primeros enclava una casa, y seis en el último, el cual tiene una superficie de 552.17 metros cuadrados. Presentada esta escritura en el Registro de la Propiedad de Mayagüez, el registrador la inscribió en cuanto a la agrupación, pero denegó la inscripción de la segregación del solar marcado con la letra "A," único de que se solicitó inscripción, alegando que no se había cumplido con lo dispuesto en el artículo 24 de la Ley de Planificación, Urbanización y Zonificación de Puerto Rico y con el reglamento promulgado el 5 de septiembre de 1944 por el Procurador General de Puerto Rico, sobre inscripción de planos de lotificaciones y urbanizaciones, tomándose la correspondiente anotación preventiva.

En el recurso gubernativo que contra la nota interpuso Francisca E. Sepúlveda alega entre otros motivos de revocación, que tratándose de una escritura otorgada el 12 de junio de 1944, el artículo 24 de la citada ley y el reglamento promulgado por el Procurador General no son aplicables.

Prescribe el artículo 24 de la citada ley que "*a partir de la fecha de vigencia de los reglamentos aplicables para lotificaciones* según se dispone en el artículo 10 en la presente, no se hará en Puerto Rico ninguna lotificación de terrenos y no se aceptará para registrarlo ningún plano de lotificación de terrenos, ni se levantará ningún edificio, ni se venderá o arrendará ningún terreno en áreas urbanas o para urbanizaciones, ni se expedirá ningún permiso, excepto cuando

y hasta donde, se cumplan dichos reglamentos y hayan sido finalmente aprobados de acuerdo con los mismos por la, Junta.'' (Bastardillas nuestras.)

Y el artículo 20 de la misma ley prescribe que ''todos los reglamentos y las enmiendas a los mismos adoptados por la Junta *regirán a los treinta (30) días después de su promulgación* en uno o más periódicos de general circulación por el Gobernador de Puerto Rico.'' (Bastardillas nuestras.)

Aparece del Reglamento de Lotificación que el mismo fué promulgado por el Gobernador de Puerto Rico el 29 de junio de 1944, y publicado en La Democracia el 4 de agosto del mismo año. Por consiguiente dicho reglamento no empezó a regir hasta el 4 de septiembre de 1944. Apareciendo de la escritura que la lotificación se hizo el 12 de junio de 1944, y que para esa fecha ya existían las trece casas en los ocho solares, es evidente que el Reglamento de Lotificación no es aplicable al presente caso. Tampoco lo es el Reglamento del Procurador General invocado por el registrador, pues de conformidad con el artículo 9 de ese reglamento su vigencia no empezó hasta que fué ''emitido'' por el Procurador General el 5 de septiembre de 1944, para cuya fecha se había efectuado la lotificación y edificación a que se refiere la escritura.

*Procede revocar la nota recurrida y ordenar la inscripción de la segregación en cuanto al solar marcado con la letra ''A,'' único de que se solicitó inscripción.*