María Matos Santiago, apelante, *v.* La Junta de Planificación, Urbanización y Zonificación de Puerto Rico, querellada.

Núm. 2.—*Sometido:* Junio 24, 1946. *Resuelto:* Julio 19, 1946.

*José Sabater,* abogado de la apelante; *Ciro Malatrasi, Jr., Rafael R. Fuertes* y *Carlos J. Ortiz,* abogados de la querellada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En agosto 31 de 1945, María Matos Santiago presentó a la Junta de Planificación, Urbanización y Zonificación de Puerto Rico una declaración de intención de lotificar un solar con la descripción siguiente:

"Solar de seis metros de frente por dieciséis metros de fondo, o sea una extensión superficial de noventiséis metros cuadrados, que radica en la Barriada Mineral, Barrio Salud, de Mayagüez, que linda al Norte con propiedad de doña Georgina Saavedra, al Sur y Este con solares de don Luis Vilella Vélez y al Oeste con una calle sin nombre. En este solar enclava una casa de vivienda propiedad de la peticionaria y construída desde hace más de quince años.

"Se pretende segregar este solar de una finca destinada a urbanización de solares, compuesta de siete cuerdas originalmente e inscrita a favor de don Luis Vilella Vélez al folio 150, Tomo 136, de Mayagüez, finca 4593, inscripción 6ª."

En la solicitud se hizo constar que el solar tiene agua, alumbrado y alcantarillado.

En octubre 15 de 1945, la Junta querellada, sin oír a la peticionaria y sin dar a ésta una oportunidad de presentar evidencia en apoyo de su solicitud, dictó su resolución desaprobando la lotificación solicitada por el fundamento de que "el solar que se formaría mediante la proyectada lotificación sería de un frente de solamente seis (6) metros y de un área de noventa y seis (96) metros cuadrados, por lo cual no reúne los requisitos establecidos por los artículos 34 y 36 del Reglamento que exigen un frente mínimo de 12 metros y persiguen un área mínima de 300 m/c"; y, además, porque "carecería también el solar que se formaría de aceras, encintado y de calle asfaltada, requisitos mínimos, entre otros, que esta Junta considera imprescindibles en un área en la cual ha de aprobar lotificaciones".

Solicitó la peticionaria la reconsideración de la resolución de la Junta, haciendo constar que el solar fué de hecho segregado y vendido a la peticionaria en septiembre de 1936, antes de la promulgación de los Reglamentos de la Junta; que la casa fué construída hace más de 15 años; que el solar no puede ser ampliado, pues por sus lados Norte, Sur y Este existen construcciones de otras personas y por el Oeste colinda con una calle pública; que no se trata de un nuevo solar ni de una nueva casa y que lo único que se solicita es permiso para que el solar pueda ser inscrito en el Registro de la Propiedad a nombre de su dueña, la peticionaria. La moción fué declarada sin lugar y la peticionaria radicó la presente solicitud de revisión, en la que pide la revocación de la resolución recurrida y que en su lugar se dicte otra autorizando la inscripción de su título en el Registro de la Propiedad.

De la escritura de segregación y venta otorgada en agosto 29 de 1945 por Luis Vilella a María Matos Santiago, la cual forma parte de los autos, aparece que el solar antes descrito

fué vendido con anterioridad al mes de septiembre de 1936 por el Sr. Vilella a la Sra. Matos, por la suma de $150, que la compradora pagó en distintos plazos; y que la casa enclavada en el solar pertenece a la Sra. Matos por haberla comprado a Ramón Matos Santiago mediante escritura pública otorgada el 12 de marzo de 1930, hallándose desde entonces la compradora en posesión de la casa y solar.

La única cuestión envuelta en este caso es la de si la peticionaria tiene derecho a inscribir en el Registro el solar que de hecho fué segregado y vendídole en el año 1923, sin estar obligada, como condición precedente al ejercicio de ese derecho, a cumplir las órdenes de la Junta de Planificación en cuanto a la construcción de aceras, asfaltado de la calle y otros requisitos más que la obligarían a desembolsar la suma de noventa y pico de dólares.

La cuestión no es nueva en esta jurisdicción. En *Sepúlveda v. Registrador,* 64 D.P.R. 449, la resolvimos en sentido adverso a la contención de la Junta recurrida. El Registrador se negó a inscribir la segregación de un solar hecha por escritura otorgada el 12 de junio de 1944, alegando que no se había cumplido con lo dispuesto en el artículo 24 de la Ley de Planificación y con el Reglamento promulgado el 5 de septiembre de 1944 por el Procurador General de Puerto Rico. Al revocar la nota del Registrador, ordenando la inscripción del solar, dijimos:

"Prescribe el artículo 24 de la citada ley que '*a partir de la fecha de vigencia de los reglamentos aplicables para lotificaciones* según se dispone en el artículo 10 en la presente, no se hará en Puerto Rico ninguna lotificación de terrenos y no se aceptará para registrarlo ningún plano de lotificación de terrenos, ni se levantará ningún edificio, ni se venderá o arrendará ningún terreno en áreas urbanas o para urbanizaciones, ni se expedirá ningún permiso, excepto cuando y hasta donde, se cumplan dichos reglamentos y hayan sido finalmente aprobados de acuerdo con los mismos por la Junta.' (Bastardillas nuestras.)

"Y el artículo 20 de la misma ley prescribe que 'todos los reglamentos y las enmiendas a los mismos adoptados por la Junta *regirán a los treinta (30) días después de su promulgación* en uno o más periódicos de general circulación por el Gobernador de Puerto Rico.' (Bastardillas nuestras.)

"Aparece del Reglamento de Lotificación que el mismo fué promulgado por el Gobernador de Puerto Rico el 29 de junio de 1944, y publicado en La Democracia el 4 de agosto del mismo año. Por consiguiente dicho reglamento no empezó a regir hasta el 4 de septiembre de 1944. Apareciendo de la escritura que la lotificación se hizo el 12 de junio de 1944, y que para esa fecha ya existían las trece casas en los ocho solares, es evidente que el Reglamento de Lotificación no es aplicable al presente caso. Tampoco lo es el reglamento del Procurador General invocado por el registrador, pues de conformidad con el artículo 9 de ese reglamento su vigencia no empezó hasta que fué 'emitido' por el Procurador General el 5 de septiembre de 1944, para cuya fecha se había efectuado la lotificación y edificación a que se refiere la escritura."

En el caso de autos la lotificación fué hecha en septiembre de 1923 por virtud de un contrato mediante el cual don Luis Vilella, dueño de la finca mayor, segregó el solar en controversia y lo vendió a María Matos Santiago por precio de $150, pagadero a plazos. Sobre el solar existe una casa que fué construída por Ramón Matos Santiago y que fué adquirida por la peticionaria por escritura de 12 de marzo de 1930. Es, pues, evidente—la Junta recurrida así lo admite—que la segregación del solar y entrega de posesión a la peticionaria fueron realizadas muchos años antes de que empezaran a regir la ley y los Reglamentos aplicables a las lotificaciones. No siendo aplicables ni la Ley ni los Reglamentos a lotificaciones hechas y a edificaciones levantadas con anterioridad a la fecha en que los mismos comenzaron a regir, *procede declarar con lugar el recurso, anular la resolución recurrida y devolver el caso a la Junta recurrida para que ésta oiga la prueba de la recurrente y decida el caso en sus méritos, ajustándose a los principios legales enunciados en esta opinión.*