CARMELO RODRÍGUEZ CRESPO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1200.—*Sometido:* Diciembre 16, 1946. *Resuelto:* Diciembre 21, 1946.

*Andrés Mena,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Por escritura otorgada el 10 de marzo de 1941, doña Cruz A. Medina adquirió por compra a doña Felícita Lozano un predio de terreno situado en el barrio Tomás de Castro, de Caguas, compuesto de 3,730.40 metros cuadrados. Dicha escritura fué inscrita en el registro, así como también los edificios allí construídos por la señora Medina. Con pos-

terioridad a la fecha en que adquirió dicha finca, la señora Medina segregó y vendió a varias personas un total de 900 metros cuadrados, quedando reducida la cabida de la finca a 2,830.40 metros cuadrados. Las referidas segregaciones fueron debidamente inscritas.

Por escritura de fecha 7 de octubre de 1946, la señora Medina vendió el predio de 2,830.40 metros cuadrados a don Carmelo Rodríguez Crespo, el aquí recurrente. Negóse el Registrador a practicar la inscripción solicitada, "por no haberse cumplido con lo dispuesto en el último párrafo del artículo primero del Reglamento de la Junta de Planificación, Urbanización y Zonificación de Puerto Rico, que ordena al Registrador de la Propiedad antes de proceder a aceptar tales divisiones o segregaciones para registrarlas, requerir de la parte interesada la certificación expedida por dicha Junta, aprobando las mismas".

Alega el recurrente que el Reglamento de la Junta de Planificación, base de la nota denegatoria recurrida, no es aplicable a este caso por cuanto la Ley no tiene efecto retroactivo, por haberse inscrito desde el año 1941 la propiedad vendida por Cruz A. Medina al recurrente.

■■ ¡Tiene razón el recurrente. El Reglamento de Lotificación adoptado por la Junta de Planificación fué promulgado por el Gobernador de Puerto Rico el 29 de junio de 1944 y publicado el 4 de agosto del mismo año, empezando a regir, por consiguiente, el 4 de septiembre de 1944. Habiendo sido hechas e inscritas en el año 1941 las segregaciones por virtud de las cuales la finca en controversia quedó reducida a 2,830.40 metros cuadrados, el Reglamento citado por el Registrador no puede ser aplicado retroactivamente para requerir la aprobación por la Junta de Planificación de una segregación o lotificación consumada tres años antes de la promulgación y vigencia del Reglamento. Véanse: *Sepúlveda v. Registrador,* 64 D.P.R. 449 y *Matos v. Junta de Planificación,* 66 D.P.R. 439.

En la escritura de 7 de octubre de 1946, presentada al registro y cuya inscripción fué denegada, no se hace división o segregación alguna. Se trata simplemente de la venta del remanente de una finca después de varias segregaciones hechas e inscritas con anterioridad a la fecha en que empezó a regir el Reglamento de Lotificación. El dueño de ese remanente tiene derecho a venderlo en su totalidad sin tener que solicitar permiso alguno de la Junta de Planificación.

*La nota recurrida debe ser revocada, debiendo el Registrador practicar la inscripción solicitada.*

El Juez Asociado Sr. Snyder no intervino.

EN RECONSIDERACION

Enero 20, 1947

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

Por escritura de 7 de otcubre de 1946 el recurrente compró a Cruz A. Medina un solar de 2830.40 metros con ciertas edificaciones. En la escritura se consignó que el solar lo había adquirido la vendedora por compra a Felícita Lozano; que cuando lo compró su superficie era de 3730.40 metros, pero que a virtud de segregaciones que ascendieron a 900 metros, los 3730.40 metros habían quedado reducidos a los 2830.40 metros objeto de la venta. Presentada la escritura al Registro de la Propiedad el Registrador denegó la inscripción por no haberse cumplido con el Reglamento de Lotifica-

ción que requiere, como condición previa a la inscripción de una división o segregación de terrenos de cierta cabida, que se acompañe con el documento el plano aprobado por la Junta de Planificación de Puerto Rico, o de una certificación acreditativa de que la Junta dispensó la preparación del plano.

■■ En el alegato que presentó el recurrente en apoyo del recurso que interpuso contra la nota, expresó que se trataba de la venta del remanente que había quedado del solar de 3730.40 metros después de haberse verificado las segregaciones montantes a 900 metros, las cuales habían sido previamente inscritas. El Registrador no presentó alegato alguno en apoyo de su nota,(¹) y considerando este Tribunal que se trataba de la venta de un remanente y que como aseguraba el recurrente las segregaciones habían sido previamente inscritas, revocó la nota del Registrador.

Empero, dicho funcionario, que como hemos dicho no había presentado alegato en apoyo de su nota, radicó entonces una moción de reconsideración, la que acompañó de una certificación acreditativa de que, según las constancias del Registro, la finca vendida consistía originalmente de una cuerda de terreno, o sea, 3930.40 metros y que del total de los 3930.40 metros constaban inscritas segregaciones que ascendían a 900 metros, o sea 200 metros que había segregado Felícita Lozano y vendidos por ella a Guadalupe Ramos con anteriordad a la venta que hizo a Cruz A. Medina, más 700 metros que fueron segregados por ésta en la siguiente forma: 200 metros que vendió a Luciano Lozano por escritura de 7 de mayo de 1942; 195 metros que segregó y vendió a Pío Ramos por escritura de 22 de septiembre de 1941; 105 metros que segregó y vendió a Luis Aponte por escritura de 22 de septiembre de 1941 y 200 metros que segregó y vendió a Monserrate Mulero el 3 de julio de 1944.

---

(¹)Repetidas veces hemos llamado la atención de los Registradores hacia su deber de presentar alegatos en los recursos gubernativos. En estos recursos es muy necesaria la presentación de alegatos, toda vez que se resuelven sin vista.

Si como resulta del Registro, de los 3930.40 metros de que originalmente se componía la finca, según la inscripción primera, se han segregado 900 metros, el remanente, que según el Registro posee Cruz A. Medina, debe tener una superficie de 3030.40 metros y no 2830.40 metros como se dice en la escritura objeto del recurso. De estos hechos racionalmente puede inferirse que Cruz A. Medina ha segregado 200 metros de terreno que no han sido inscritos en el Registro. Como esa segregación pudo haberse hecho con posterioridad al 29 de junio de 1944, fecha en que fué promulgado el Reglamento de Lotificación, de ser ello así, al segregarse esos 200 metros que no constan inscritos, debió haberse hecho un plano y sometido a la Junta de Planificación para su aprobación u obtenerse la correspondiente certificación acreditativa de haberse dispensado su presentación.

En el supuesto de que el comprador de esos 200 metros no hubiera tenido a bien inscribir su título, debió entonces el recurrente presentar el indicado plano o certificación de dispensa para que, acreditado en esa forma que se había cumplido con la ley al segregar los 200 metros, el Registrador pudiese inscribir la venta del remanente.

El recurrente radicó una moción oponiéndose a la reconsideración solicitada por el Registrador, pero no controvierte satisfactoriamente los hechos expuestos en la moción de reconsideración. El recurrente erróneamente alega que de los 3730.40 metros comprados por Cruz A. Medina, ésta había segregado 900 metros, cuando es lo cierto que las segregaciones hechas por ella sólo ascendieron a 700 metros. Como hemos visto, cuando Cruz A. Medina compró, la anterior dueña había ya segregado 200 metros de los 3930.40 de que originalmente se componía la finca, según la inscripción primera.

El recurrente atribuye la diferencia de 200 metros al hecho de que nuestro sistema de registro no está calcado en una

triangulación o cubicación de la tierra de Puerto Rico. Tendría razón el recurrente si hubiera acreditado, mediante la correspondiente certificación de mensura, que la cabida que se atribuyó a la finca en su inscripción primera, era errónea y que la mensura revelaba que la verdadera superficie era de 3730.40 metros; pero tal certificación de mensura no ha sido presentada y debemos aceptar como correctas las constancias del Registro, mientras no se demuestre lo contrario.

*Procede reconsiderar nuestra resolución de 21 de diciembre de 1946 y confirmar la nota recurrida.*