Vicente Zayas Pizarro, recurrente, *v.* El Registrador de la Propiedad de Utuado, recurrido.

Núm. 1217.—*Sometido:* Noviembre 6, 1947. *Resuelto:* Enero 16, 1948.

*Vicente Zayas Pizarro, pro se;* el registrador recurrido compareció por escrito; *Rafael R. Fuertes, Félix Bello* y *A. Sandín del Manzano,* abogados de la Junta de Planificación, etc., como *amicus curiae* ésta.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El recurrente es dueño de una finca rústica radicada en Adjuntas conocida por la "La Granja", con una cabida de 31.93 cuerdas, que compró en 1927. En 1928 llevó a cabo una urbanización parcial de esta propiedad haciendo que un ingeniero le trazara todos y cada uno de los solares que comprendía dicha urbanización, las calles de la misma y demás

particulares. Sin embargo, si bien las cabidas y demás aspectos de los solares fueron debidamente delineados en el plano en cuestión, los solares no fueron de hecho segregados.

Este plano fué sometido a la Asamblea Municipal de Adjuntas en 1928, de conformidad con la Ley núm. 69, Leyes de Puerto Rico, 1925 (pág. 367). La Asamblea aprobó una ordenanza que (a) aprobó la urbanización en cuanto a las calles 1, 2, 3 y 4, (b) disponía que las cuatro calles por la presente pasaban a formar parte de la zona urbana de acuerdo con la ley,(¹) y (c) autorizaba al recurrente a proceder a la construcción de las casas que creyera conveniente en estas calles, previa aceptación final del Departamento de Sanidad y los permisos exigidos por la ley. En 1928 el Departamento de Sanidad le escribió a Zayas al efecto de que habiendo sido las calles construídas de acuerdo con los planos aprobados por el Departamento, "por la presente se aceptan dichas calles para los fines de edificación en las mismas."

De conformidad con este plano de urbanización, el recurrente construyó dos casas en dos solares. Estos solares con sus casas fueron debidamente segregados por escrituras otorgadas el 4 de octubre de 1942 y el 26 de abril de 1944, respectivamente, y se inscribieron como propiedades separadas sin defecto alguno. La construcción de estas casas y la segregación de los solares y las casas como propiedades separadas se llevaron a cabo de conformidad con el plano de urbanización ya mencionado.

El recurrente construyó una pequeña casa en cada uno de los solares 15, 16 y 17 del referido plano de urbanización. Por escritura de 24 de junio de 1947 segregó de "La Granja" estos solares, con una cabida de 572, 550 y 525 me-

<hr>

(¹)La sección 3 de la Ley núm. 69 dispone que "Una vez aprobado definitivamente por el Gobierno Insular y por el municipio una urbanización, se entenderá que ésta entra a formar parte de la urbe, y la conservación de sus calles y demás servicios públicos quedan a cargo y serán propiedad del municipio correspondiente." Al mismo efecto, sección 7 de la Ley núm. 11, Leyes de Puerto Rico, 1931.

tros cuadrados, respectivamente, junto a las casas construídas sobre dichos solares, con el fin de inscribirlos como propiedades separadas. El Registrador se negó a inscribir esta escritura del 24 de junio de 1947 por el fundamento de que no se había acreditado en forma alguna que la Junta de Planificación, Lotificación y Zonificación de Puerto Rico hubiera aprobado las operaciones a que dicho documento se contraía. Contra la nota del Registrador, el recurrente ha radicado el presente recurso gubernativo.

El recurrente señala dos errores. El primero es que, en lo que a los solares 15, 16 y 17 respecta, este caso envuelve una urbanización aprobada y aceptada definitivamente por las autoridades competentes en el año 1928, y en su consecuencia, la Ley creando la Junta y el Reglamento de Lotificación no puede aplicarse retroactivamente a estos solares.

No podemos convenir con la contención del recurrente de que la aprobación de su plano de urbanización bajo la Ley núm. 69 de 1925 exige que resolvamos que la Ley creando la Junta y el Reglamento de Lotificación expedido de conformidad con la misma no pueden invocarse en un caso como el presente en que el recurrente trata, después de haberse promulgado el Reglamento de Lotificación, de segregar un solar de conformidad con el referido plano de urbanización.

No vemos necesidad de determinar en este caso si bajo una ley anterior alguna agencia gubernativa tenía poder para reglamentar las lotificaciones según éstas se distinguen de un plano general de urbanización. El hecho cierto es que, en lo que se refiere a los solares aquí envueltos, el recurrente no había hecho gestión alguna, de hecho o de derecho, para segregarlos antes de que entrara en vigor la Ley creando la Junta y el Reglamento de Lotificación promulgado de conformidad con la misma. En su consecuencia, tanto la Asamblea Legislativa como la Junta estaban

en libertad de aprobar nueva legislación y reglamentos para la lotificación de tales solares basada en requisitos en ellos establecidos.

Convenimos con la Junta, que ha radicado un alegato como *amicus curiae,* en que "Naturalmente que algunas disposiciones del Reglamento no deben ni pueden aplicarse a urbanizaciones terminadas o en proceso al comenzar a regir el Reglamento de Lotificación. Es decir, la Junta de Planificación no tiene facultad para exigir que las calles de diez metros construídas por el recurrente se amplíen hasta el mínimo establecido por el Reglamento de Planificación núm. 3 que exige tengan trece metros. Pero sí debe y puede intervenir en que se formen solares con los requisitos mínimos de frente y cabida que exigen los reglamentos."

Los casos en que descansa el recurrente—*Sepúlveda* v. *Registrador,* 64 D.P.R. 449; *Matos* v. *Junta de Planificación,* 66 D.P.R. 439; *Rodríguez* v. *Registrador,* 66 D.P.R. 772; *Wilcox* v. *Registrador,* 67 D.P.R. 475—no son aplicables. En ellos se hicieron, como cuestión de hecho, segregaciones y lotificaciones antes de que entrara en vigor el Reglamento de Lotificación de la Junta. Eso no ocurrió en este caso. Por el contrario, aquí el otorgamiento de la escritura de segregación y la segregación física de estos solares, tuvieron lugar después que el Reglamento de Lotificación entró en vigor. Véase *Rivera* v. *Registrador,* 64 D.P.R. 461; *cf. Fortunet* v. *Junta de Planificación,* 67 D.P.R. 265.

El segundo error señalado por el recurrente es que el exigirle la aprobación por la Junta de la segregación de estos solares menoscaba el contrato celebrado entre el recurrente y el Municipio de Adjuntas en efecto por ministerio de ley en virtud de la núm. 69 de 1925, de conformidad con la cual el Municipio adquirió las calles de la urbanización una vez que ésta fué aprobada. El argumento del recurrente es que bajo este "contrato" el Municipio obtuvo de él un interés de propiedad en las calles a cambio del derecho conferídole para construir casas de conformidad con

el plano de urbanización aprobado. Arguye que al disponer requisitos nuevos y adicionales en cuanto a la lotificación de casas y solares en esta urbanización, menoscaba este derecho adquirido por él bajo el "contrato". Suponiendo, sin decidirlo, que tal cuestión pueda levantarse en un recurso gubernativo y que la Ley núm. 69 cree en efecto legal un contrato entre el recurrente y el Municipio, no vemos razón alguna para que la Asamblea Legislativa no pueda bajo el poder de policía disponer la reglamentación de lotificaciones y segregaciones mediante una ley que no estaba en vigor cuando se aprobó originalmente esta urbanización, siempre y cuando que como cuestión de hecho no se haya realizado lotificación o segregación alguna antes de que se promulgue la nueva reglamentación.

*La nota del Registrador será confirmada.*