Gumersinda Ramos, recurrente, *v*. El Registrador de la Propiedad de Caguas, recurrido.

Núm. 1240.—*Sometido:* Marzo 1, 1949. *Resuelto:* Marzo 24, 1949.

*Andrés Mena,* abogado de la recurrente; el registrador recurrido compareció por escrito; *Rafael R. Fuertes, Félix Bello* y *A. Sandín del Manzano,* abogados de la Junta de Planificación, como *amicus curiae* ésta.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Presentada al Registro de la Propiedad de Caguas copia .certificada de la ordenanza de la Asamblea Municipal de Gurabo que en 24 de octubre de 1944 ratificó la .concesión de usufructo de un solar de 10.40 metros de frente por 9.40 de fondo, situado en ·dicho municipio, a favor de Gumersinda Ramos, el Registrador de la Propiedad denegó la inscripción

del documento y tomó en su lugar anotación preventiva por ciento veinte días. Basóse el Registrador en que "tratándose de la segregación de un solar con cabida menor de cinco cuerdas, no se ha cumplido con el requisito de presentar la certificación correspondiente, librada por la Junta de Planificación de Puerto Rico, aprobando la segregación del solar objeto de este documento, según lo dispone el artículo primero del Reglamento de dicha Junta." La referida copia certificada de la ordenanza iba acompañada de otro documento suscrito por Miguel González Morales, en su carácter de Alcalde del Municipio de Gurabo, en la cual dicho funcionario certifica "que según los antecedentes obrante en los archivos de este Municipio, Doña Gumersinda Ramos, . . . viene usufructuando gratuitamente desde el año mil novecientos treinta y ocho del siguiente solar: (aquí se describe el solar a que se hace referencia en la ordenanza)."

Ahora acude ella ante este Tribunal con un recurso gubernativo contra la nota denegatoria del Registrador. Sostiene que ha estado en posesión en concepto de usufructuaria del referido solar desde 1938, que la Asamblea Municipal de Gurabo no ha hecho otra cosa que ratificar la concesión que del usufructo del indicado solar ya estaba hecha y que no ve la necesidad de la intervención de la Junta de Planificación.

A instancias de la propia Junta de Planificación concedimos permiso a ésta para intervenir como *amicus curiae* y su criterio es que la nota del registrador debe ser confirmada.

De haber sido el usufructo del solar concedido con anterioridad al 5 de septiembre de 1944, fecha en que empezó a regir el Reglamento de Lotificación aprobado por la Junta de Planificación, Urbanización y Zonificación de Puerto Rico, la segregación sería inscribible, no obstante el hecho de no haberse cumplido con tal reglamento. *Matos* v. *Junta de Planificación,* 66 D.P.R. 439 y *Sepúlveda* v. *Registrador,* 64 D.P.R. 449. Las asambleas municipales pueden conceder solares a perpetuidad para la construcción de casas. Ar-

tículo 70 de la Ley núm. 53 de 28 de abril de 1928, pág. 335.
La dificultad en este caso estriba, sin embargo, no en que la
Asamblea no tuviera facultad para hacer lo que hizo, sino
en que de la ordenanza por ella aprobada no se desprende
la fecha en que originalmente se concedió el usufructo del in-
dicado solar a la recurrente. El documento suscrito por
el Alcalde Municipal ningún valor tiene, pues de acuerdo
con la Ley Municipal citada el Secretario del municipio es la
persona que debe certificar las ordenanzas aprobadas por la
Asamblea y la que tiene a su cargo el archivo general del
municipio. El secretario municipal es, por ende, el llamado
a librar copias certificadas de las ordenanzas aprobadas
por la asamblea municipal, así como de cualesquiera docu-
mentos que obren bajo su custodia. Véase el artículo 70
de la Ley de Evidencia. (1)   La certificación expedida por el
alcalde era, por tanto, una nulidad. De la copia certificada
de la ordenanza suscrita por el Secretario Municipal, sólo
se desprende la fecha en que se aprobó la ratificación de la
concesión del usufructo del solar de que se trata, mas no, re-
petimos, la fecha en que tuvo lugar la cesión original del
mismo. El hecho de que para que haya una ratificación ten-
ga que haber habido una concesión previa, no significa ne-
cesariamente que la concesión original fuera hecha con an-
terioridad al 5 de septiembre de 1944 y, en su consecuencia,
que el Reglamento de Planificación no le fuera aplicable. La
concesión original pudo naturalmente tener lugar con ante-
rioridad al 24 de octubre de 1944, pero nada hay que indi-
que que ella no ocurriera con posterioridad al 5 de septiembre
del mismo año. *Rodríguez* v. *Registrador,* 66 D.P.R. 774, 776.
En ese último caso el Reglamento de Planificación sería apli-
cable a la segregación que se interesa, y la Ley no concede al

---

(1)El artículo 70 de la Ley de Evidencia provee:

''El registro público de un documento puede probarse mediante el registro
original o copia del mismo, certificada por el guardador legal del registro.''

registrador discresión alguna en cuanto a eximir de las obligaciones impuestas por la ley o los reglamentos. *Rivera v. Registrador*, 64 D.P.R. 461, 466.

No apareciendo que la concesión del usufructo del solar se hiciera antes de empezar a regir el Reglamento de Planificación, *debe confirmarse la nota recurrida.*